**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **KOSHY MATHEWS MATHAI,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| *v.* | § | **CASE NO. 6:24-CV-00612-ADA-DTG** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| *Defendant,* | § | |

**REPORT & RECOMMENDATION**

**TO:    THE HONORABLE ALAN D ALBRIGHT,
UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Pending before the Court is the defendant, the United States of America's motion to dismiss this case pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6) (Dkt. No. 10). The motion is fully briefed, and the Court finds that a hearing is unnecessary. After careful consideration of the briefs, arguments, and the applicable law, the Court **RECOMMENDS** that the motion be **GRANTED** and this matter be **DISMISSED FOR WANT OF SUBJECT-MATTER JURISDICTION**.

## I.    BACKGROUND

In 2019, the plaintiff, Koshy Mathews Mathai, applied for a position as a pain management physician with the Central Texas Veterans' Association Healthcare System ("CTVAHS"). Dkt. No. 9 ¶ 16. At that time, he spoke with CTVAHS's chief of staff, Dr. Olawale Fashina, who offered the plaintiff a $50,000 recruitment incentive for the first two years of his

employment. *Id.* ¶¶ 16–17. The plaintiff alleges that he indicated to Dr. Fashina that he would not accept a job offer unless the incentive continued beyond the first two years. *Id.* Dr. Fashina informed him that it was generally continued as a retention incentive but that he could not promise anything at that time. *Id.* Later, the plaintiff emailed Dr. Fashina his understanding of the conversation—that a retention incentive could not be promised but was generally given—and did not receive a reply. *Id.* The plaintiff accepted the position but was not given a retention incentive. *Id.*

The plaintiff alleges that Dr. Fashina's "material non-response" induced him to accept the CTVAHS's job offer and caused him severe emotional distress. *Id.* ¶ 14. The plaintiff seeks to recover for his damages through a single claim of Intentional Infliction of Emotional Distress under the Federal Tort Claims Act. *Id.* ¶ 12. The defendant, the United States of America, moves to dismiss his complaint for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), failure to effect service under Federal Rule of Civil Procedure 12(b)(5), and failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 10.

## II.    ANALYSIS

Generally, federal courts should resolve challenges to subject-matter jurisdiction first. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 587 (1999). Subject-matter jurisdiction defines the court's authority to hear a case. *Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 92 (2017) (citing *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 89 (1998)). If a court determines that it lacks statutory or constitutional authority over an action, it must dismiss the case for want of subject-matter jurisdiction. *Home Builders Ass'n of Mississippi v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d

1182, 1187 (2nd Cir. 1996)). The party asserting jurisdiction bears the burden of proving it. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *McDaniel v. United States*, 899 F.Supp. 305, 307 (E.D. Tex. 1995)).

The Court does not have jurisdiction over suits against the United States absent an express waiver of sovereign immunity. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The Federal Tort Claims Act ("FTCA") waives the United States's immunity for claims sounding in state tort law for money damages. *Spotts v. United States*, 613 F.3d 559, 566 (5th Cir. 2010) (citing 28 U.S.C. § 2674). The FTCA specifically exempts the United States from liability for any claims arising out of a government employee's misrepresentation or deceit. 28 U.S.C. § 2680(h).

Courts apply a two-factor test to determine if the misrepresentation exemption bars suit. First, the court determines whether the "chain of causation from the alleged negligence to the injury depends on a misrepresentation by a government agent." *Life Partners Inc. v. United States*, 650 F.3d 1026, 1031–32 (5th Cir. 2011) (citing *Com. Union Ins. Co. v. United States*, 928 F.2d 176, 179 (5th Cir. 1991)). Next, if the claim does depend on a misrepresentation, the Court determines if Congress waived its sovereign immunity independently of the FTCA. *Id.* (quoting *Commercial Union*, 928 F.2d at 179). When applying this test, the plaintiff's pleading does not control the court's analysis. *Id.* at 1032 (citing *Saraw P'ship v. United States*, 67 F.3d 567, 570 (5th Cir. 1995)). Even if a plaintiff claims that he does not sue based on a government misrepresentation, the court must "focus on the conduct upon which the plaintiff's claim is based" and order dismissal if the underlying injury arises from the plaintiff's reliance on a misrepresentation. *Id.* (quoting *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994)).

The defendant claims that the misrepresentation exemption applies because the plaintiff's case turns on Dr. Fashina's alleged misrepresentation regarding the plaintiff's likelihood of receiving a retention incentive. Dkt. No. 10 at 7–8. But the plaintiff argues that he does not claim that Dr. Fashani affirmatively misrepresented or concealed any material facts. Dkt. No. 13 at 4. Rather, he argues that Dr. Fashina's failure to respond to his email "enabled Dr. Fashina to proceed . . . without fear of accountability." *Id.* He further claims that the United States waived its sovereign immunity to an intentional infliction of emotional distress claim under the FTCA, and so the misrepresentation exemption does not bar his suit. *Id.* at 5.

The Court agrees with the defendant. While the plaintiff attempts to extricate this case from a misrepresentation claim, the underlying chain of events makes this impossible. The plaintiff claims (1) that the defendant's employee represented to him that he was likely to receive a retention incentive, (2) that he did not reply to the plaintiff's email confirming this representation, (3) that the plaintiff relied on this, leading him to (4) accept a job offer that (5) caused him emotional distress. *See* Dkt. No. 9 ¶¶ 7–14. The plaintiff's email only existed to confirm Dr. Fashina's earlier, allegedly inaccurate representation regarding the retention incentive. Absent that representation, the plaintiff would have had no reason to send an email confirmation, and Dr. Fashina's failure to reply would have no effect on his decision to accept CTVAHS's job offer.  An alleged misrepresentation is central to the conduct upon which this claim is based, and so the Court finds that the misrepresentation exemption applies.

The plaintiff's claim that Dr. Fashina did not make any "affirmative" misrepresentations does not affect the Court's analysis. The FTCA's misrepresentation exemption extends to

material omissions by a government employee.[1] *McNeily v. U.S.*, 6 F.3d 343, 347 (5th Cir. 1993) (citing *Paul v. U.S.*, 929 F.2d 1202 (7th Cir. 1991)). The plaintiff's injury arises directly from his reliance on Dr. Fashina's representations regarding retention incentives and his later failure to correct those representations. Therefore, the underlying conduct falls squarely into the misrepresentation exemption to the FTCA.

The plaintiff does not claim that any other waiver of sovereign immunity applies to this case independent of the FTCA, and the Court has been unable to find any other applicable waiver. The Court therefore finds that it does not have subject-matter jurisdiction over this case.[2]

### III.    RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that the defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) (Dkt. No. 10) be **GRANTED** and this case be **DISMISSED WITHOUT PREJUDICE FOR WANT OF SUBJECT-MATTER JURISDICTION**. The undersigned further recommends that all other pending motions (Dkt. No. 23) be **DENIED-AS-MOOT**.

### IV.    OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object.

---

[1] The plaintiff claims in response to the defendant's motion that he does not allege that Dr. Fashina affirmatively concealed any material fact. *See* Dkt. No. 13 at 4. His complaint, however, states that Dr. Fashina "made material omission(s)" by failing to respond to his email. Dkt. No. 9 ¶ 8. The Court therefore construes his argument as a claim that Dr. Fashina made a material omission that the plaintiff relied upon.

[2] Because it does not have subject-matter jurisdiction, the Court does not reach the defendant's arguments for dismissal under Federal Rules of Civil Procedure 12(b)(5) or 12(b)(6).

The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1428–29.

**SIGNED** this 9th day of February, 2026.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE